IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEBRA L. ROGERS,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>**Acting Commissioner of Social Security,**<br><br>        Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:12-cv-902-PMW<br><br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Debra L. Rogers's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments.  On July 14, 2005, Plaintiff applied for DIB, alleging disability beginning on January 1, 2001.[2]  Plaintiff's application was denied initially and upon reconsideration.[3]  In August 2006, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on November 1, 2007.[5]  On December 27, 2007, the ALJ issued a written decision denying Plaintiff's claim for DIB.[6]  April 16, 2010, the Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ for another hearing.[7]

A second administrative hearing was held on September 21, 2010.[8]  On December 17, 2010, the ALJ issued a second decision, again denying Plaintiff's claim for DIB.[9]  The Appeals Council denied Plaintiff's request for review of the second decision,[10] making that decision the

---

[2]  *See* docket no. 25, Administrative Record ("Tr. ____") 23, 161-163.

[3]  *See* Tr. 87-89.

[4]  *See* Tr. 86.

[5]  *See* Tr. 794-841.

[6]  *See* Tr. 42-59.

[7]  *See* Tr. 110-113.

[8]  *See* Tr. 842-896.

[9]  *See* Tr. 20-39.

[10]  *See* Tr. 9-13.

Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On September 24, 2012, Plaintiff filed her complaint in this case, which was assigned District Judge Clark Waddoups.[11]  The Commissioner filed her answer on November 21, 2012.[12]

On November 29, 2012, Judge Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[13]  On January 15, 2013, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[14]  Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[15]

Plaintiff filed her opening brief on January 15, 2013.[16]  The Commissioner filed her answer brief on February 15, 2013.[17]  Plaintiff filed her reply brief on March 6, 2013.[18]

---

[11] *See* docket no. 2.

[12] *See* docket no. 13.

[13] *See* docket no. 15.

[14] *See* docket no. 19, 21.

[15] *See id*.

[16] *See* docket no. 20.

[17] *See* docket no. 22.

[18] *See* docket no. 24.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R.

§ 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that: (1) there were errors below concerning the treatment and consideration of the opinions of Dr. Daniel Sternberg ("Dr. Sternberg"); (2) the ALJ erred by failing to evaluate whether Plaintiff's impairments meet or equal certain sections of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1; (3) the ALJ erred in assessing Plaintiff's credibility; and (4) the ALJ erred at step five of the sequential evaluation process.

### I. Medical Opinions

Plaintiff presents two arguments concerning the treatment and consideration of the opinions of Dr. Sternberg. Plaintiff first argues that the ALJ erred by giving Dr. Sternberg's 2002 opinion little weight. Plaintiff then argues that the ALJ and the Appeals Council erred in the treatment and consideration of Dr. Sternberg's 2010 opinion. The court will address those arguments in turn.

### A. Dr. Sternberg's 2002 Opinion

As an initial matter with respect to this argument, the court notes that it is not developed in any meaningful way. Plaintiff makes only the conclusory allegation that the ALJ erred by failing to adopt Dr. Sternberg's 2002 opinion. Given the cursory and undeveloped nature of this argument, the court could decline to consider it. *See, e.g.*, *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("[Plaintiff] presents a number of subissues and arguments, many of them poorly developed. [The court] will consider and discuss only those of her contentions that have been adequately briefed for . . . review."); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("The scope of . . . review . . . is limited to the issues the claimant . . . adequately presents on appeal[.]" (final alteration in original) (quotations and citation omitted)). However, out of an abundance of caution, the court will address the argument.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the

> physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Because the ALJ concluded that Dr. Sternberg's 2002 opinion was entitled to little weight, it is implicit that the ALJ also viewed that opinion as not being entitled to controlling weight. Accordingly, the court turns to the deference and weight the ALJ gave to Dr. Sternberg's opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(c).

In this case, the ALJ relied upon proper factors to support the conclusion that Dr. Sternberg's 2002 opinion was entitled to little weight. First, the ALJ properly relied upon the fact that the majority of Dr. Sternberg's 2002 opinion was focused on her allegations of pain, despite the fact that Dr. Sternberg is a psychologist, not a medical doctor. *See* 20 C.F.R. § 404.1527(c)(5). Second, the ALJ properly relied upon the fact that Dr. Sternberg's 2002 opinion was unsupported by his own treatment notes. *See id*. § 404.1527(c)(3). Finally, the ALJ properly relied upon the fact that a portion of Dr. Sternberg's 2002 opinion was vague. *See id*. For these reasons, the court concludes that the ALJ did not err by concluding that Dr. Sternberg's 2002 opinion was entitled to little weight.

### B.  Dr. Sternberg's 2010 Opinion

Plaintiff next argues that the ALJ erred by failing to consider Dr. Sternberg's 2010 opinion. In an argument already made to the Appeals Council, Plaintiff asserts that there was misconduct on the part of the ALJ because Dr. Sternberg's 2010 opinion was admitted into the record at the second administrative hearing but was subsequently removed or not included in the final, certified administrative record. It is undisputed that the ALJ did not discuss Dr. Sternberg's 2010 opinion in his decision. Plaintiff also contends that the Appeals Council erred by failing to remand the case to the ALJ. The Appeals Council later admitted Dr. Sternberg's 2010 opinion into the record, but determined that it would not remand the case to the ALJ because Dr. Sternberg's 2010 opinion did not contain objective findings or further treatment notes for the time period at issue and because the ALJ had considered Dr. Sternberg's other opinions in the decision.

For the following reasons, the court has determined that Plaintiff's arguments fail. First, Plaintiff has failed to conclusively establish that Dr. Sternberg's 2010 opinion was before the ALJ. The portions of the record that Plaintiff relies upon to support her argument that Dr. Sternberg's opinion was admitted into the record by the ALJ are simply not specific enough to persuade the court that the opinion was admitted during the second administrative hearing.

Second, the court cannot say that the Appeals Council, which admitted and considered Dr. Sternberg's 2010 opinion, erred by failing to remand the case to the ALJ. The Appeals Council properly relied upon the fact that the ALJ had already considered Dr. Sternberg's 2002 opinion, which, as noted by the Commissioner, is not fundamentally different from his 2010 opinion. The ALJ specifically considered Dr. Sternberg's 2002 opinion and relied upon proper factors to give it little weight, as indicated above. The Appeals Council also properly relied upon the fact that Dr. Sternberg's 2010 opinion did not contain objective findings. A review of the 2010 opinion reveals that, other than listing certain diagnoses, Dr. Sternberg did not provide any specific bases for that opinion. In the court's view, those were sufficient reasons for the Appeals Council to determine that the case did not need to be remanded to the ALJ for consideration of Dr. Sternberg's 2010 opinion.

Based on the foregoing, the court concludes that both of Plaintiff's arguments concerning the opinions of Dr. Sternberg fail.

## II. Listings

As indicated above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In order to satisfy this burden, a claimant must establish that his impairment "meet[s] *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085; *see also* 20 C.F.R. § 404.1525.

With respect to the ALJ's listings analysis, Plaintiff first argues that the ALJ should have concluded that Plaintiff's alleged impairments met or equaled listings 12.04 and 12.06 based on Dr. Sternberg's 2010 opinion. That argument fails. The court has already concluded that there was no error below with respect to the treatment or consideration of Dr. Sternberg's 2010 opinion. Plaintiff next argues that the ALJ's listings analysis was insufficient. The court concludes that this argument is cursory and not developed in any meaningful way. Accordingly, the court declines to consider it. *See, e.g.*, *Keyes-Zachary*, 695 F.3d at 1161; *Chambers*, 389 F.3d at 1142.

### III. Credibility

Plaintiff argues that the ALJ erred in evaluating the credibility of Plaintiff's subjective complaints. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p; *see also* 20 C.F.R. § 404.1529(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ properly relied upon multiple instances where the objective medical evidence in the record was inconsistent with Plaintiff's allegations of severe physical and mental limitations. *See* 20 C.F.R. § 404.1529(c)(2); SSR 96-7. In the court's view, those were sufficient bases to determine that, overall, Plaintiff's testimony was not fully credible. Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted).

To the extent that Plaintiff reargues the weight of the evidence before the ALJ on this issue, the court notes that such a tactic is futile on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and

resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

For these reasons, the court concludes that Plaintiff's argument concerning the ALJ's credibility determination fails.

### IV. Step Five

Plaintiff argues that the ALJ erred at step five of the sequential evaluation process. More specifically, Plaintiff contends that the ALJ erred by failing to include the limitations expressed in Dr. Sternberg's opinions and Plaintiff's own testimony in the RFC and the hypothetical given to the vocational expert. The court has concluded that there was no error below in the treatment or consideration of Dr. Sternberg's opinions. The court has also concluded that the ALJ did not err in his evaluation of the credibility of Plaintiff's testimony concerning her alleged impairments. As such, the ALJ was not required to include every limitation expressed by Dr. Sternberg or Plaintiff in the RFC or in the hypothetical given to the vocational expert. In this case, the ALJ included all of the limitations contained in the final RFC determination in the hypothetical provided to the vocational expert. Accordingly, there was no error. *See, e.g.*, *Qualls*, 206 F.3d at 1373 ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the vocational expert's answer to that question provided a proper basis for the ALJ's disability decision.").

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Therefore, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 3rd day of December, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge